# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WARREN RICHARDS, *on behalf of himself and all others similarly situated,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 1:25-cv-01385-TWP-TAB |
| | ) | Hon. Tanya Walton Pratt |
| SHEIN DISTRIBUTION CORPORATION, | ) ) | Hon. Magistrate Tim A. Baker |
| Defendant. | ) ) | |
| | ) ) | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING CRITICAL SEVENTH CIRCUIT APPEAL
<u>OR ALTERNATIVELY TO STAY DISCOVERY PENDING THE MOTION TO DISMISS</u>**

## ORAL ARGUMENT REQUESTED

Defendant Shein Distribution Corporation ("Shein") respectfully requests oral argument on this Motion given the substantial effect it could have on the management and deadlines of this case. This Motion could be heard in conjunction with the status hearing set for September 30, 2025. (Dkt. 12.) Counsel for Shein is prepared to appear in person if preferred by this Court.

## PRELIMINARY STATEMENT

This Action consists exclusively of the alleged receipt of unsolicited *text messages*, in purported violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5). Pending before the Seventh Circuit is an appeal captioned *Steidinger, et al v. Blackstone Medical Services*, No. 25-2398 (hereinafter the "*Blackstone* Appeal"). This appeal stems from the trial court decision *Jones v. Blackstone Med. Servs. LLC*, in which the court determined that, with respect to Subsection 47 U.S.C. § 227(c)(5), "[t]ext messaging was not an available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages." *See* No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025); *see also Davis v. CVS Pharmacy, Inc.*, -- F. Supp. 3d --, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (N.D. Fla. Aug. 26, 2025) ("Certainly, no ordinary person would think of a text message as a '*telephone call.*'") (emphasis in original).

Through the *Blackstone* Appeal, the Seventh Circuit will conclusively resolve the issue of whether text messages are considered "telephone calls" under 47 U.S.C. § 227(c)(5). Shein has filed concurrently herewith its Motion to Dismiss Plaintiff's class action Complaint for failure to state a claim under Rule 12(b)(6), on the basis that text messages are plainly *not* telephone calls under 47 U.S.C. § 227(c)(5). Shein submits that, in light of the *Blackstone* Appeal, it would be prudent to stay this action to permit the Seventh Circuit to allow the Parties and this Court the benefit of the Seventh Circuit's guidance prior to evaluating the Motion to Dismiss.

Alternatively, this Court should stay discovery pending the outcome of Shein's Motion to Dismiss. As made clear in the District Court decision underlying the *Blackstone* Appeal, and for the reasons stated in Shein's pending Motion to Dismiss, Plaintiff has no claim as a matter of law. A text message is simply not a "telephone call" as that term is used in 47 U.S.C. § 227(c)(5). It was not understood as such in 1991 when the provision was written, nor is it understood as such now. Discovery should be put on hold pending the outcome of Shein's Motion to Dismiss.

This case is in its nascent stages and Plaintiff will not be prejudiced by a brief stay. Indeed, Plaintiff has no interest in proceeding with this case should he have no claim. And there is no need for Shein to incur the incredible cost of class action discovery where the Seventh Circuit may shortly issue an outcome-determinative opinion or where this Court may dismiss Plaintiff's case.

## BACKGROUND

Plaintiff initiated this putative class action on July 12, 2025. (Dkt. 1.) Plaintiff contends he received text messages from Shein without his consent despite that he registered on the national do not call registry. (*Id.* ¶¶ 15-22.) Plaintiff's Complaint rests exclusively on the alleged receipt of text messages, which Plaintiff portrays (in a legal conclusion) as "calls." (*Id.* ¶ 55.) On this basis, Plaintiff asserts one claim under 47 U.S.C. § 227(c)(5), through 47 C.F.R. § 64.1200(c)(2). Plaintiff seeks to represent a putative nationwide class, remarkably reaching back to 2021. (*Id.* ¶ 25.)

## LEGAL STANDARD

It is axiomatic that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this Circuit look to three factors in evaluating whether to stay a case pending a potentially controlling appeal: "(1) whether a stay will simplify the issues in question and streamline the trial;

(2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *Herron v. Gold Standard Baking, Inc.*, No. 20-CV-07469, 2021 WL 1340804, at *1 (N.D. Ill. Apr. 9, 2021) (internal quotations and citation omitted); *Pfizer v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (same); *see also Madbak v. Anthem Ins. Companies Inc.*, No. 116-CV-03197-SEB-MPB, 2017 WL 5075262, at *1 (S.D. Ind. May 23, 2017) (evaluating same factors in evaluating motion to stay discovery pending a motion to dismiss); *Teva Pharms. USA, Inc. v. Eli Lilly*, No. 24-CV-02008-MPB-TAB, 2025 WL 1203109, at *1 (S.D. Ind. Feb. 28, 2025) (Baker, M.J.) (same).[1]

## ARGUMENT

### I.    THIS COURT SHOULD STAY THIS ACTION PENDING THE *BLACKSTONE* APPEAL, WHICH MAY CONCLUSIVELY RESOLVE THIS CASE.

There can be little doubt that the *Blackstone* Appeal will streamline the issues at hand in this case—indeed, it will conclusively resolve a critical, threshold issue in this case: whether text messages are "telephone calls" under 47 U.S.C. § 227(c)(5). If they are not, this case will be over. There is no controlling Circuit precedent on this issue.

#### A.    The Supreme Court Recently Opened the Door to Considering this Threshold Legal Issue.

It may seem anomalous that there is no controlling precedent on the issue of whether the term "telephone call" in 47 U.S.C. § 227(c)(5) includes "text messages." As detailed further in Shein's Motion to Dismiss, over the past two Supreme Court terms, the Supreme Court issued decisions affecting a sea of change in statutory interpretation, generally, and of the TCPA, specifically. First, the Supreme Court eliminated *Chevron* deference in *Loper Bright Enterprises*

---

[1] This Court has articulated a higher standard that applies to requests to stay a case pending an appeal within that very case. *See, e.g.*, *Cmty. Pharmacies of Indiana, Inc. v. Indiana Fam. & Soc. Servs. Admin.*, 823 F. Supp. 2d 876, 878 (S.D. Ind. 2011); *Doe v. Univ. of S. Indiana*, No. 3:21-CV-00144-TWP-CSW, 2024 WL 3637789, at *2 (S.D. Ind. Aug. 2, 2024). These do not apply here.

*v. Raimondo*, returning courts to their traditional function to reach the "best" interpretation of the statute, "fixed at the time of enactment." *See* 603 U.S. 369, 400 (2024) (internal quotations and citation omitted). <u>Second,</u> the Supreme Court issued *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, holding that trial courts are "not bound by the FCC's interpretation of the TCPA" and eliminating the view that the Hobbs Act prevented trial courts from issuing orders disagreeing with or contrary to FCC interpretations. *See* 606 U.S. 146, 168 (2025).

Until *Loper Bright* and *McLaughlin Chiropractic*, courts felt they must defer to, or in fact were bound by, determinations of the FCC that a text message could qualify as a call under the TCPA. *See In Re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014 ¶ 165 (2003) (hereinafter the "2003 Order") (evaluating the term "call" under 47 U.S.C. § 227(b)). *See, e.g.*, *Hudson v. Ralph Lauren Corp.*, 385 F. Supp. 3d 639, 641 n.1 (N.D. Ill. 2019) (finding the court was bound by the FCC's 2003 Order); *Serban v. CarGurus, Inc*., No. 16 C 2531, 2018 WL 1293226, at *3 (N.D. Ill. Mar. 12, 2018) (same). Indeed, the Seventh Circuit had determined that, under the Hobbs Act, trial courts were bound by FCC orders. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 802 (7th Cir. 2017). As a result, for decades trial courts were constrained in their ability to independently interpret and analyze the TCPA. These constraints have been removed through the Supreme Court's decisions in *Loper Bright* and *McLaughlin Chiropractic*.

### B.    The *Blackstone* Appeal Will Conclusively Resolve the Text Message Issue.

The *Blackstone* Appeal stems from the trial court's decision in *Jones v. Blackstone Med. Services*, *LLC*. There, the court evaluated a substantively identical legal issue: whether Section 227(c)(5) applied to text messages. *See* No. 24-cv-01074, 2025 WL 2042764, at *1 (C.D. Ill. July 21, 2025). Following *Loper Bright* and *McLaughlin Chiropractic*, the court engaged in its own statutory analysis. *Id.* at *3-4. The court analyzed and held:

> Text messaging was not an available technology in 1991, and thus "telephone call" would not have included text messages or SMS messages. . . . Moreover, in today's American parlance, "telephone call" means something entirely different from "text message". Thus, under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages.

*Id.* at *4 (internal quotations and citations omitted). The court likewise engaged in an analysis of the FCC's orders, noting the FCC's orders regarding text messaging in fact only discussed Section 227(b), and not Section 227(c). *See id.* at *4-5. While the court afforded respect to the FCC's view, it found the plain language controlled, holding "[i]t is not for a court to legislate by reading into the TCPA something that is not there." *Id.* at *5. Rather it is for Congress to update the TCPA. *Id.*; *see also Davis*, 2025 WL 2491195, at *4 (reaching the same conclusion).

On August 12, 2025, the Plaintiffs appealed this decision. *See Blackstone* Appeal, No. 25-2398. The *Blackstone* Appeal is presently set to be fully briefed by December 4, 2025. The singular basis for the dismissal of the *Blackstone* Plaintiffs' TCPA claims was that text messages did not qualify as "telephone calls" as that term is used in 47 U.S.C. § 227(c)(5). The *Blackstone* Appeal is thus set to squarely resolve this issue.

### C.    A Stay Will Simplify and Streamline This Case, While Resulting in no Prejudice.

Shein understands and appreciates that this "Court prefers to keep cases moving . . . ." *Teva Pharms.*, 2025 WL 1203109, at *1 (Baker, M.J.) Nevertheless, a stay is warranted here in light of the unique nature of the key issue set to be resolved in the *Blackstone* Appeal. That is, if the Seventh Circuit affirms the underlying dismissal in the *Blackstone* Appeal, it would necessarily resolve this case. Given the outcome-determinative nature of the *Blackstone* Appeal, particularly weighed against the burden Shein would otherwise incur in class discovery, a brief stay is warranted.

First, a stay pending the *Blackstone* Appeal will simplify the issues before this Court. The threshold, fundamental issue in this case is whether text messages are covered under 47 U.S.C. § 227(c)(5). If they are not covered, this case is over. If they are covered, there will be no need to evaluate Shein's pending Motion to Dismiss. The issue at hand in the *Blackstone* Appeal is not factual; it is a purely legal issue that will either end or streamline this case. *See, e.g., Bradley v. Menard, Inc.*, No. 217CV00165JMSMPB, 2017 WL 8780318, at *6 (S.D. Ind. Dec. 15, 2017) ("A stay until that [Supreme Court] decision is therefore in the interests of judicial efficiency and justice."); *Kotlyar v. Univ. of Chicago Med. Ctr.*, No. 17 C 4729, 2017 WL 5911287, at *4 (N.D. Ill. Nov. 30, 2017) ("A ruling in [a pending DC Circuit appeal] . . . could narrow Plaintiff's claims, reduce the amount of discovery that is necessary, or even completely dispose of certain issues. This weighs in favor of granting a stay."); *Donets v. Vivid Seats LLC*, No. 20-CV-03551, 2020 WL 9812033, at *2 (N.D. Ill. Dec. 15, 2020) (staying case pending Illinois appellate opinions).

Second, and relatedly, a stay will reduce the burden on both the Parties and this Court. Absent a stay, the Parties will presumably move into merits and class discovery. It is well understood in the TCPA context that "class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.] . . . It is also generally understood that the costs can be particularly 'enormous' for defendants." *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *6 (S.D. Fla. July 6, 2015) ("[W]ithout a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant in either one of the two cases."). It would be highly inequitable to force Shein to incur the costs of onerous class discovery where the Seventh Circuit may shortly determine there is no

claim. A brief stay of this action will also prevent needless waste of this Court's time and resources of various issues attendant with class discovery and related motion practice. *See, e.g.*, *Dawoudi v. Nationstar Morg., LLC*, No. 16-cv-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) (granting stay when it "would preserve the resources of the parties and reduce the burden of litigation on the court."); *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15 C 5182, 2016 WL 47916, at *4 (N.D. Ill. Jan. 5, 2016) ("A stay [pending a Supreme Court decision] will serve a useful purpose, therefore, to advance this litigation by promoting efficiency and economy . . . .").

Third, no prejudice will befall Plaintiff as a result of a brief stay. This case is in its nascent stages, having been filed July 12, 2025. *See, e.g.*, *Tel. Sci. Corp.*, 2016 WL 47916, at *5 ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation."). Furthermore, Plaintiff does not contend that he is suffering an ongoing harm; rather, he is seeking statutory damages for three messages he contends he received earlier this summer. (*See* Dkt. 1 ¶¶ 16, 17.) The stay is anticipated to be brief in duration—briefing on the *Blackstone* Appeal is set to conclude in early December. The only potential prejudice would be a brief delay in discovery. Plaintiff, however, has no conceivable interest in pursuing discovery (much less class discovery) if he has no claim. *See, e.g.*, *Donets v. Vivid Seats LLC*, No. 20-CV-03551, 2020 WL 9812033, at *3 (N.D. Ill. Dec. 15, 2020) ("[A] stay will cause minimal, if any, additional harm to Donets in this case, given the limited nature of the stay.").

The Seventh Circuit is presently evaluating a threshold legal issue in this case. A ruling in the *Blackstone* Appeal affirming the trial court will require the dismissal of this case. A brief stay is thus prudent to avoid the needless expenditure of resources by this Court and the Parties.

## II.   ALTERNATIVELY, THIS COURT SHOULD STAY DISCOVERY PENDING SHEIN'S MOTION TO DISMISS.

Alternatively, should this Court find a stay of this case pending the *Blackstone* Appeal inappropriate at this time, this Court should at a minimum stay discovery pending the outcome of the currently pending Motion to Dismiss.

This Court has the broad discretion to "limit the scope of discovery pursuant to Federal Rules of Civil Procedure 26(c) and (d)." *Panther Brands, LLC v. Indy Racing League, LLC*, No. 114CV00472TWPTAB, 2014 WL 11411864, at *1 (S.D. Ind. Oct. 15, 2014) (Baker, M.J.). This Court has specifically found appropriate a stay of discovery pending a motion to dismiss where the pending motion is case-dispositive. *See id.*; *see also Teva Pharms.*, 2025 WL 1203109, at *1 (staying discovery pending a motion to dismiss that "raises significant arguments that may, at a minimum, narrow the scope of Teva's claims."); *Soares v. Meeks*, No. 3:21-CV-00057-RLY-MPB, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021) ("A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where requested discovery is unlikely to produce facts necessary to defeat the motion.") (internal quotations and citation omitted); *Madbak*, 2017 WL 5075262, at *1 (same).

The Motion to Dismiss pending before this Court can resolve this matter in one fell swoop. Should this Court agree that a text message is not a "telephone call" under 47 U.S.C. § 227(c)(5), Plaintiff will have no claim as a matter of law. Two courts to consider this issue post-*Loper Bright* and *McLaughlin Chiropractic* have agreed with Shein's argument. *See Jones*, 2025 WL 2042764; *Davis*, 2025 WL 2491195, at *4. Furthermore, class discovery in this case is generally anticipated to be substantial, another issue this Court has considered in staying discovery pending a Motion to Dismiss. *See, e.g.*, *Teva Pharms.*, 2025 WL 1203109, at *1; *Panther Brands*, 2014 WL 11411864, at *1 ("Furthermore, the stay avoids, at least for now, discovery that the Defendants have shown

is voluminous and costly."). Plaintiff is seeking to pursue a nationwide class action, the precise type of case known to involve extensive and voluminous discovery. *See Physicians Healthsource*, 2014 WL 413534, at *4.

As detailed further above, a brief stay of discovery will (i) simplify the issues at hand by allowing a ruling on the Motion to Dismiss—which may end this case outright—prior to voluminous discovery; (ii) will reduce the litigation burden for this putative nationwide class action pending a critical ruling; and (iii) will result in no prejudice to Plaintiff (as further articulated above). Plaintiff has no need for discovery of any kind, let alone class discovery, should this Court determine that text messages do not qualify as "telephone calls" under Subsection 227(c)(5). Shein thus respectfully requests, in the alternative to a stay pending the *Blackstone* Appeal, a brief stay of discovery pending Shein's Motion to Dismiss.

Dated: September 2, 2025                           Respectfully submitted,

                                                  SHEIN DISTRIBUTION CORPORATION

                                          By:   David M. Krueger
                                                David M. Krueger
                                                **BENESCH, FRIEDLANDER, COPLAN &
                                                ARONOFF LLP**
                                                127 Public Square
                                                Suite 4900
                                                Cleveland, OH 44114
                                                440-313-2974
                                                dkrueger@beneschlaw.com

                                                Mark S. Eisen
                                                **BENESCH, FRIEDLANDER, COPLAN &
                                                ARONOFF LLP**
                                                71 South Wacker Drive
                                                Suite 1600
                                                Chicago, IL   60606-4637
                                                312-506-3442
                                                meisen@beneschlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, David M. Krueger, hereby certify that on this 2nd day of September, 2025, I electronically filed a true and correct copy of Defendant Shein Distribution Corporation's Memorandum in Support of its Motion to Stay Proceedings with the Southern District of Indiana using the CM/ECF system.

<u>/s/ David M. Krueger</u>
David M. Krueger