# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN RICHARDS, *on behalf of himself and all others similarly situated,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No: 1:25-cv-01385-TWP-TAB ) |
| | ) Hon. Tanya Walton Pratt |
| SHEIN DISTRIBUTION CORPORATION, | ) ) |
| Defendant. | ) Hon. Magistrate Tim A. Baker ) |
| | ) **ORAL ARGUMENT REQUESTED** ) |

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING CRITICAL SEVENTH CIRCUIT APPEAL
OR ALTERNATIVELY TO STAY DISCOVERY PENDING THE MOTION TO DISMISS**

## **PRELIMINARY STATEMENT**

Plaintiff is pursuing a claim under 47 U.S.C. § 227(c)(5) of the TCPA, alleging solely the receipt of text messages. Shein Distribution Corporation ("Shein") moved to stay this case because the Seventh Circuit has before it an appeal that will conclusively resolve this issue. Plaintiff does not colorably dispute that the appeal in *Steidinger, et al v. Blackstone Medical Services*, No. 25-2398 (hereinafter the "*Blackstone* Appeal") will evaluate a threshold issue controlling in this case—whether 47 U.S.C. § 227(c)(5) applies to text messages.[1] The trial court in the *Blackstone* Appeal concluded that it *did not*, as did other recent cases. *See, e.g.*, No. 24-cv-01074, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.*, -- F. Supp. 3d --, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025).

Plaintiff, rather, opposes a stay on several misguided bases. First, and as a threshold matter, Plaintiff rests his opposition on the incorrect legal standard. Plaintiff cites to, and relies on, the high standard governing stays of a judgment or order pending appeal. This is manifestly not the standard applicable here, nor the standard applied by this court to requests for discretionary stays under the Supreme Court's decision in *Landis v. North American*. Plaintiff's myopic focus on the "likelihood of success" is thus misplaced. This *precise* argument advanced by Plaintiff was rejected days ago in another case involving Plaintiff and his counsel also pending before Chief Judge Pratt. *See Richards v. Fashion Nova, LLC,* Case No. 1:25-cv-01145-TWP-MKK (C.D. Ill., Dkt. 35) (hereinafter *Fashion Nova*) (attached as Exhibit A). Plaintiff's application of the wrong standard leads Plaintiff down the rabbit hole of briefing the merits of the issue before the Seventh Circuit, which if anything should be briefed in the context of the pending Motion to Dismiss.

---

[1] *See* Dkt. 30 at 6 (noting that Shein's Motion to Dismiss is premised on "the same contention that's at issue in *Blackstone*.")

<u>Second</u>, Plaintiff fundamentally misapprehends the prejudice inquiry. Again, this is not a stay pending interlocutory appeal of injunctive relief. The irreparable harm standard Plaintiff articulates is simply not applicable. Nor, furthermore, is Plaintiff able to articulate any prejudice whatsoever. Plaintiff simply hypothesizes in the potential destruction of data or "fading memories." Case law is clear that this vague speculation is insufficient to establish undue prejudice. Shein is well aware of its data retention obligations in this case. Moreover, Plaintiff's portrayal of the requested stay as "indefinite" is meritless. Briefing in the *Blackstone* Appeal is set to conclude on December 11, 2025, and the median appeal in the Seventh Circuit is about <u>9 months</u>.

<u>Finally</u>, Plaintiff uses his opposition to instead litigate the merits the underlying legal issue taken up by the *Blackstone* Appeal and Shein's Motion to Dismiss (*see* Dkt. 16, 17)[2] of whether 47 U.S.C. § 227(c)(5) applies to text messages. The merits of *Blackstone* or Shein's Motion to Dismiss are irrelevant to the Court's ruling on the Motion to Stay. The Seventh Circuit will provide controlling guidance in the *Blackstone* Appeal—where, again, the trial court determined text messages *were not* actionable under 47 U.S.C. § 227(c)(5). And this is exactly why a stay is needed. The Seventh Circuit is going to answer this question, and a brief stay will save this Court and the Parties from the unnecessary expenditure of substantial resources, as well as the possibility of inconsistent findings. Rather than engage in unnecessary motion to dismiss briefing, much less class action discovery, this Court and the Parties should have the benefit of the *Blackstone* opinion.

Finally, Plaintiff fails to oppose Shein's alternative request to stay discovery pending the Motion to Dismiss. This is the relief granted in *Fashion Nova*. While Shein contends a stay pending the *Blackstone* Appeal is likely to be brief and would save the Parties and this Court substantial costs evaluating the Motion to Dismiss, at a minimum Shein's alternative relief should be granted.

---

[2] Per the September 30th Order, briefing on the Motion to Dismiss is presently stayed. (Dkt. 25.)

# ARGUMENT

Plaintiff's opposition entirely misstates the applicable standard. The question is not, as Plaintiff suggests, whether this Court should attempt to predict the outcome of *Blackstone* or preemptively decide its merits. Rather, a stay is appropriate with good cause, considering "the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified . . . ; and whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015); *see* Ex. A at 3 n.2 (rejecting the same argument asserted by Plaintiff).

Here, Plaintiff fails to address any of the proper factors courts evaluate when considering a stay. Plaintiff thus does not dispute that the *Blackstone* Appeal will simplify the issues before this Court and save substantial burden, nor does he establish that he will suffer any prejudice during a short stay. Plaintiff's sole focus on litigating the merits of the *Blackstone* Appeal underscores the wisdom of awaiting the Seventh Circuit's forthcoming decision or at a minimum staying discovery pending the Motion to Dismiss—the appropriate mechanism to litigate the issues raised by Plaintiff. A short stay will conserve judicial and party resources, prevent inconsistent rulings, and ensure this case proceeds, if at all, under the governing law the Seventh Circuit will soon clarify.

I. **Plaintiff's Opposition is Misplaced.**

   a. **Plaintiff's Opposition Rests Exclusively on the Wrong Legal Standard.**

Plaintiff rests his entire opposition brief on, and structures his brief around, the wrong legal standard. This issue permeates Plaintiff's entire brief and renders it inapplicable and inapposite to the instant motion. Plaintiff contends that "[t]he standard for granting a stay pending appeal mirrors that for a preliminary injunction," and then proceeds to articulate the preliminary injunction standard. Dkt. 30 at 5. Indeed, Plaintiff claims that Judge Pratt articulated this standard in *Doe v. Univ. of S. Indiana*, No. 3:21-CV-00144-TWP-CSW, 2024 WL 3637789, at *2 (S.D. Ind. Aug. 2,

3

2024). That approach not only misstates the law; it evades the question actually before this Court, as Magistrate Judge Klump recently ruled in *Fashion Nova*.

In *Richards v. Fashion Nova,* the same plaintiff and his counsel brought a substantively similar case and claim. Ex. A at 1. The defendant moved to dismiss on the same bases raised by Shein here and further moved the court to stay proceedings pending the *Blackstone* appeal or, in the alternative, pending a ruling on the defendant's motion to dismiss. *Id.* at 2. Plaintiff opposed the motion on the basis that the defendant could not meet the high standard akin to the preliminary injunction standard. *Id.* at 3-4. The court rejected Plaintiff's proposed legal standard:

> Plaintiff argues that the "standard for granting a stay pending appeal mirrors that for a preliminary injunction." (Dkt. 23 at 1–2 (citing *Doe v. Univ. of S. Ind.*, No. 3:21-cv-144-TWP-CSW, 2024 WL 3637789 (S.D. Ind. Aug. 2, 2024))). However, that case (and standard) applies to a party's motion to stay an order entered in its own case while it pursues an appeal on the merits. . . . Alternatively, here, the relevant appeal is in a separate action and Defendant seeks a stay of *this* case to conserve resources pending resolution of a threshold legal issue, not to enjoin an order entered in this case. As such, the Court employs the standard analysis for a stay of discovery.

*Id.* at 3, n. 2.  The correct standard employed by the court considered "the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified . . . ; and whether or not a stay will reduce the burden of litigation on a party." (quoting *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015)).

As recognized by Magistrate Judge Klump, the standard Plaintiff articulates is applicable to stays of trial court orders in one's own case. This is why the preliminary injunction standard would apply. The *Doe* case, for example, involved an effort to stay pending an interlocutory appeal relating to an earlier order dismissing a claim for injunctive relief. *See Doe*, 2024 WL 3637789, at *2. Plaintiff also cites to *Hilton v. Braunskill*, which involved an effort to stay a habeas ruling pending appeal, and in relevant part involved a discussion of the standard for staying an order

4

pending interlocutory appeal. *See* 481 U.S. 770, 776 (1987). The court in *Hilton* looked to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a). *Id.* Similarly, *In re A & F Enterprises, Inc. II* involved an effort to stay the decision of a bankruptcy court and district court decision pending appeal. *See* 742 F.3d 763 (7th Cir. 2014).

Shein is seeking a routine stay pending a potentially dispositive and controlling appeal (and alternative request to stay discovery). This is well within the precise inherent authority the Supreme Court noted in *Landis*, where it noted "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936). Shein is not endeavoring to stay the effect of an order or judgment of this Court. As one court amply summarized in a similar situation:

> The *Landis* standard applies where a party seeks to stay a district court proceeding pending resolution of another action, as is the case here. Plaintiffs list factors from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)—likelihood of success on the merits and the public interest—that do not apply under the *Landis* standard. However, the *Hilton* standard applies where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or order in the same case.

*Bankwitz v. Ecolab, Inc.*, No. 17-02924, 2017 WL 4642284, at *4 n.1 (N.D. Cal. Oct. 17, 2017).

This reliance on the wrong legal standard permeates Plaintiff's brief, where he focuses exclusively on factors like the likelihood of success and irreparable harm, which make little sense in this context. Indeed, the likelihood of success makes sense in the context of seeking to stay an order or judgment in one's own case, but no sense at all when the request is to stay pending a controlling appeal in another suit. It would be highly irregular to force a party to adjudge the likelihood of success of a different case. Courts in this Circuit have routinely apply a more sensible balancing approach in *Landis*-stays, an analysis Plaintiff omits entirely. *See, e.g.*, *Branyan v. Def.*

5

*Fin. Acct. Serv.*, No. 123CV00372JPHTAB, 2023 WL 8019689, at *2 (S.D. Ind. Nov. 17, 2023); *Cook Inc. v. Endologix, Inc.*, No. 1:09-CV-01248-WTLTAB, 2010 WL 325960, at *1 (S.D. Ind. Jan. 21, 2010) (Baker, M.J.); *Teva Pharms. USA, Inc. v. Eli Lilly*, No. 1:24-CV-02008-MPB-TAB, 2025 WL 1203109, at *1 (S.D. Ind. Feb. 28, 2025) (Baker, M.J.).

As a result, Plaintiff's opposition is misplaced.[3] He fails to analyze the relevant inquiry. Under a straightforward analysis of the pertinent standard, this matter should be stayed.

### b.     Plaintiff's Effort to Engage in the Merits Is Misplaced and Inaccurate.

Plaintiff devotes the bulk of his opposition to arguing the merits of Shein's pending Motion to Dismiss, rather than addressing the narrow issue actually before the Court in the Motion to Stay. This misdirection underscores Plaintiff's misunderstanding of the standard governing this Motion. The Court need not (and should not) evaluate the merits of either Shein's Motion to Dismiss or the *Blackstone* appeal in deciding this Motion. *See* Ex. A at 2-3; *Johnson*, 150 F. Supp. 3d at 1007 (identifying relevant considerations). If Plaintiff wishes to argue these issues, they should be litigated in his response to the Motion to Dismiss, not by proxy through the Motion to Stay.

Plaintiff's argument also rests on the false premise that a ruling in his favor in the *Blackstone* Appeal is a foregone conclusion, that the law is well-settled. (*See* Dkt. 30 at 1.) While Plaintiff is free to argue his case in opposition to the Motion to Dismiss, the reality is that multiple courts to thoroughly consider the text message issue following the Supreme Court's recent opinions in *Loper Bright* and *McLaughlin Chiropractic* have sided with the defense. *See Jones*, 2025 WL 2042764, at *1; *Davis.*, -- F. Supp. 3d --, 2025 WL 2491195, at *1; *El Sayed v.*

---

[3] Plaintiff claims that Shein's Motion "rises or falls on its assertion that the defendant is likely to prevail on appeal in *Blackstone* . . . ." (Dkt. 30 at 5.) Shein *never* makes this argument. The entire import of the Motion to Stay is that the Seventh Circuit (or this Court through the Motion to Dismiss) will resolve this issue one way or the other. While Shein contends the trial court in *Blackstone* got it right, and this Court should follow that ruling, Shein does not profess to know how the Seventh Circuit will rule. As Plaintiff admits, that would be speculative. (*Id.*)

6

*Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). Those decisions reflect a plain-text reading of the statute that is faithful to its language and structure. There is, at present, no controlling precedent from the Seventh Circuit on this question. While Plaintiff may disagree with the recent decisions, that is basis to oppose the pending Motion to Dismiss, not the pending Motion to Stay.

More fundamentally, the Seventh Circuit will soon resolve this precise issue in *Blackstone*. That decision will provide the first binding guidance on this dispositive question. This is precisely the situation in which a stay promotes judicial economy and prevents wasted effort and resources. Proceeding now would force the parties and the Court to brief and decide a complex statutory issue that the Seventh Circuit will soon clarify.[4] Granting a stay will ensure that this Court benefits from that controlling guidance before expending further time or resources on threshold issues—or on class discovery and certification briefing that may ultimately prove unnecessary. In short, Plaintiff's insistence on litigating the merits now only reinforces the need for a stay: the *Blackstone* decision will either dispose of this case entirely or materially simplify it.

**II.     Plaintiff Tacitly Concedes a Stay Will Simplify the Issues and Alleviate Burden.**

As Magistrate Judge Klump recognized in *Fashion Nova* that "Plaintiff does not address whether the stay will simplify the issues." Ex. A at 4. This remains true here. Shein argues that the outcome of the *Blackstone* Appeal or the pending Motion to Dismiss could end this case. (*See* Dkt. 19 at 4-9; *see also* Dkt. 16 [Memorandum ISO Shein's Motion to Dismiss]. To quote Magistrate Judge Klump, "Plaintiff does not address this argument. Accordingly, Defendant has shown a

---

[4] Plaintiff suggests, in a throwaway sentence at the end of his brief, that the Seventh Circuit's *Blackstone* decision may "not necessarily control resolution of Plaintiff's claims." (Dkt. 30 at 26.) Plaintiff offers no explanation as to how *Blackstone* would not be controlling. The Seventh Circuit's decision will be binding on this Court and will control the outcome of whether a text message is covered; Plaintiff cannot credibly dispute this.

7

favorable ruling on its motion to dismiss could entirely resolve the case; therefore, a stay could result in simplification of the issues." Ex. A at 5.

Similarly, Plaintiff entirely ignores that, absent a stay, Shein will incur the onerous burden of nationwide class action discovery. (*See* Dkt. 19 at 2, 6, 9.) And again, Magistrate Judge Klump encountered this problem in *Fashion Nova*, holding that "Plaintiff does not address any of Defendant's arguments," and a general desire by Plaintiff to move forward "is not enough to discount Defendant's assertions," favoring a stay. Ex. A at 8.

Without belaboring the point, Plaintiff's failure to oppose these arguments constitutes waiver. *See Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("The Wojtases' failure to offer any opposition to Capital's statute of limitations argument constituted a waiver."). By applying the wrong legal standard, Plaintiff fails to evaluate this issue. A stay will simplify the issues before this Court and streamline this case, weighing in favor of a stay.

### III. Plaintiff Cannot Establish He Will Be Prejudiced by a Stay.

Plaintiff makes little attempt to establish that he will be prejudiced by a stay pending resolution of the *Blackstone* Appeal, relying instead on bare speculation and insinuations of harm untethered to the facts. As the court recently concluded in *Fashion Nova*, such vague assertions "are insufficient to justify a conclusion of undue prejudice." Ex. A at 7.

As an initial matter, Plaintiff makes the entirely hypothetical argument that a stay "would postpone relief not only for Plaintiff but also for millions of consumers . . . ." (Dkt. 30 at 25.) This assertion is not tied to this case; Plaintiff makes no contention pertinent to Shein or how he could possibly be prejudiced here. Plaintiff instead turns to generic authority. (*See id.*) Addressing this same quote, Magistrate Judge Klump rejected Plaintiff's argument. Ex. A at 6-7.[5] The hypothetical

---

[5] As was the case in *Fashion Nova*, a litigation hold is in place here. *See* Ex. A at 7.

nature of the purported prejudice Plaintiff articulates is evidenced by the authority he cites. Plaintiff's citation to TCPA fax cases from 15-20 years ago does little to advance the notion of prejudice to *his* case. (*See* Dkt. 30 at 25.) This effort to bootstrap entirely unrelated cases falls flat. So, too, does Plaintiff's citation to apparently random docket entries having nothing to do with this case or the issue at hand.

This Court's analysis in *Fashion Nova* applies in spades (unsurprising as this case involves the same Plaintiff, Plaintiff's counsel and legal issues). Plaintiff's mere assertion of potential delay is not sufficient to show undue prejudice. *See Uniloc USA, Inc. v. Exclusive Grp. LLC*, No. 17-03962SEBMJD, 2018 WL 11229418, at *2 (S.D. Ind. Aug. 29, 2018) ("[T]he Court acknowledges that granting a stay will delay Plaintiffs' case; however, this factor alone is insufficient to show undue prejudice.") Any modest delay here is outweighed by the efficiencies to be gained from awaiting a controlling appellate decision that may dispose of this case *in its entirety.* Likewise, "general assertions" that "memories may fade, and documents may be inadvertently destroyed," are "[w]ithout more . . . insufficient to justify a conclusion of undue prejudice." *Nat'l Police Ass'n, Inc. v. Gannett Co.*, No. 121CV01116TWPDLP, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021).

As the court put it in *Fashion Nova*, Plaintiff's assertions fail to "justify a conclusion of undue prejudice." Ex. A at 7. Weighing further in favor of a stay is the fact that this case is in its infancy. *Id.* at 7. Indeed, this case is at an even earlier stage than *Fashion Nova*. This Court held the initial pretrial conference only weeks ago, on September 30, 2025, and discovery is on hold pending this Motion. (*See* Dkt. 25 ["The Court also stays briefing on Defendant's pending motion to dismiss [Filing No. 16 ]. No discovery shall occur pending further order."].) The "infancy" of this case eliminates any conceivable prejudice to Plaintiff from a short stay pending the *Blackstone* appeal. Ex. A at 7*; see also GoodCat, LLC v. Cook,* No 116CV01514RLYDML, 2016 WL

9

10490470, at *1 (S.D. Ind. Nov. 21, 2016) ("[A]ny slight risk of prejudice or disadvantage to [Plaintiff] is mitigated by the fact that this case is at a very early stage.").

As a final matter, Plaintiff's claim that a stay would be "indefinite" or "may take years" (*see* Dkt. at 1, 26) is inaccurate. The Plaintiff-Appellant in the *Blackstone* Appeal filed his Notice of Appeal on August 11, 2025. Appellant's brief was filed on October 21, and briefing is set to be complete just weeks from now on December 11. *See Steidinger v. Blackstone Medical Services*, No. 25-2398, Dkt. 9, 12 (7th Cir.). Based upon the most recent statistics, the Seventh Circuit had a median time from filing of notice of appeal to disposition of 9.4 months.[6] It is reasonable to expect that the Seventh Circuit will resolve the *Blackstone* Appeal in short order.

Because Plaintiff cannot show any actual, particularized prejudice from a short stay—and because the *Blackstone* decision will provide binding guidance on the threshold question at issue—this factor weighs decisively in favor of a stay.

### IV. Plaintiff Fails to Oppose Shein's Alternative Request to Stay Discovery Pending its Motion to Dismiss.

In moving to stay, Shein requested in the alternative to stay discovery pending Shein's Motion to Dismiss. (*See* Dkt. 19 at 8-9.) Shein had an entire subsection of its brief devoted to this argument and issue. Nevertheless, Plaintiff entirely fails to discuss or address this request. Plaintiff's failure to oppose this request constitutes waiver. *See Wojtas*, 477 F.3d at 926; *see also* Local Rule 7.1(c)(5) (allowing the Court to "summarily rule on a motion if an opposing party does not file a response within the deadline.").

Shein believes a stay pending the *Blackstone* Appeal, particularly given that briefing of the appeal is underway and the Seventh Circuit moves expeditiously, is warranted. If this Court finds

---

[6] *See* U.S. Courts of Appeals – Judicial Caseload Profile, June 30, 2025, *available at* https://www.uscourts.gov/sites/default/files/document/fcms_na_appprofile0630.2025.pdf.

that such a stay would be too long, Shein reiterates its alternative request to stay discovery pending its Motion to Dismiss. This request should be granted as unopposed. Shein recognizes that should this Court side with its alternative relief, the briefing of the pending Motion to Dismiss will need to be reinstated, as it is presently stayed.

## CONCLUSION

For the foregoing reasons, Shein respectfully requests that this Court stay this case pending the outcome of the *Blackstone* Appeal. In the alternative, it requests that discovery be stayed pending the outcome of its Motion to Dismiss.

Dated: October 30, 2025

Respectfully submitted,

SHEIN DISTRIBUTION CORP.

By: *s/David M. Krueger*
David M. Krueger
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square
Suite 4900
Cleveland, OH 44114
440-313-2974
dkrueger@beneschlaw.com

Mark S. Eisen
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive
Suite 1600
Chicago, IL  60606-4637
312-506-3442
meisen@beneschlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of October, 2025, I electronically filed a true and correct copy of the above and forgoing pleading with the Southern District of Indiana using the CM/ECF system.

By: *s/David M. Krueger*
David M. Krueger