**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Acknowledged
TWP
December 16, 2025

| | |
|---|---|
| WARREN RICHARDS, *individually and on behalf of all others similarly situated*, <br> Plaintiff, <br> v. <br> SHEIN DISTRIBUTION CORPORATION, <br> Defendant. | No. 1:25-cv-01385-TWP-TAB <br> Hon. Tanya Walton Pratt <br> Hon. Magistrate Tim A. Baker <br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF WARREN RICHARDS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Warren Richards submits this notice of supplemental authority to alert the Court to *Wilson v. Better Mortgage Corp.*, 2025 WL 3493815 (S.D.N.Y. Dec. 5, 2025), a decision issued recently that bears on the pending motion to dismiss in this case, ECF 16.

In *Better Mortgage*, Judge Engelmayer of the United States District Court for the Southern District of New York addresses the same issue presented here: whether a "telephone call" as that term is used in 47 U.S.C. § 227(c)(5) encompasses promotional text messages sent to numbers listed on the National Do Not Call List. After a thorough analysis of the statute, *Better Mortgage* holds that the answer to that question is yes: It "holds, in accord with a growing consensus of case law, that § 227(c) of the TCPA applies to text messages." *Id.* at *5.

*Better Mortgage* summarizes its reasoning as follows:

> [T]he ordinary public meaning of "telephone call" in § 227(c) meant a communication by telephone, which encompasses text messages. That reading is supported by § 227(c)'s context and purpose; the uniform construction of neighboring § 227(b); the significant weight of case authority; and the FCC's consistent interpretation. The Court therefore holds that § 227(c) applies to text messages.

*Id.* at *9.

*Better Mortgage* then analyzes the text of section 227(c), neighboring provisions, and the relevant FCC orders interpreting the word "call." It also considers and rejects many of the arguments and authorities that Defendant Shein Distribution has relied on here.

As to the text, *Better Mortgage* holds, in accord with other authorities Plaintiff has previously cited, that the "ordinary public meaning" of "telephone call" in 1991 "encompassed any communication made using a telephone" and "was therefore not limited to oral or vocal communications." *Id.* at *5. It then considers and rejects contrary arguments identical to Shein's lead arguments here—that texting "did not exist when Congress passed the statute," and that "no one today would think of a text message as a telephone call." *Id.* at *5–6.

*Better Mortgage* then explains why the statutory context "also strongly supports that the provision applies to text messages." *Id.* at *6. After identifying a broad consensus that text messages are covered by neighboring section 227(b), it holds that the "authority concerning § 227(b) strongly suggests that § 227(c)'s parallel usage of 'telephone calls' applies to text messages." *Id.* at *6–7. It then analyzes the scope and purpose of the Do Not Call List provisions and concludes that "Congress, in enacting § 227(c), was focused on protecting subscribers from telephone solicitations, not on any one form of such solicitations." *Id.* at *8. Thus, "§ 227(c), if anything, was intended to reach broader telephonic communications than § 227(b)." *Id.* at *7.

*Better Mortgage* also surveys the relevant FCC orders and concludes that: "The FCC's consistent interpretation that the TCPA applies to text messages accords, as noted, with the statute's text, purpose, and context, and is informed by the agency's subject matter expertise. Its interpretation thus adds persuasive support that Congress intended § 227(c) to cover text messages." *Id.* at *8.

Finally, *Better Mortgage* surveys the landscape of recent decisions addressing this issue. *See id.* at *9. It concludes that "the significant weight of case authority" supports interpreting "call" to include text messages—even when considering only recent cases that "are not called into question by *Loper Bright*." *Id.* It also explains why the three recent decisions to the contrary that have been cited by Shein all rest on "flawed" reasoning. *Id.*

Mr. Richards respectfully requests that the Court consider this submission as further authority supporting his opposition.

Dated: December 15, 2025

Respectfully submitted,

*/s/ Michael Skocpol*
Matthew W.H. Wessler[*]
Michael Skocpol[*]
**GUPTA WESSLER LLP**
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
michael@guptawessler.com

Anthony Paronich (SBN 088733)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff*

---

[*]admitted pro hac vice

3

## CERTIFICATE OF SERVICE

      I, Michael Skocpol, certify that on December 15, 2025, I filed Warren Richards' Notice of Supplemental Authority with the Clerk of the Court using its CM/ECF system, which will automatically send electronic notification of this filing to all attorneys of record in this action.

                                              /s/ Michael Skocpol
                                              Michael Skocpol