UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN RICHARDS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION,<br><br>Defendant. | Cause No. 1:25-cv-01385-TWP-TAB<br><br>Hon. Tanya Walton Pratt<br><br>Hon. Magistrate Tim A. Baker<br><br>**ORAL ARGUMENT SCHEDULED** |

**WARREN RICHARDS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Warren Richards submits this notice of supplemental authority to alert the Court to *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1123–24 (9th Cir. 2026), a decision issued recently that bears on the pending motion to dismiss in this case, ECF 16.

In *Howard*, the Ninth Circuit conclusively resolved the issue presented here: whether a "'text message' constitutes a 'call' within the meaning of the TCPA." *Id.* at 1123. On a "de novo" review of the statute, *Howard* held that the answer is yes. The "term 'call' in § 227 includes a 'text message." *Id.*

Importantly, the Ninth Circuit in *Howard* reached this conclusion without any consideration of, or deference to, the FCC's view. *See* 164 F.4th at 1123 (recognizing that, after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), the FCC's interpretation is not entitled to *Chevron* deference). Instead, it held that the "plain and ordinary meaning" of "the statutory term 'call'" means "an attempt to communicate by telephone." *Id.* at 1124. And, the court explained, "[t]ext messaging plainly fits within that literal definition of a 'call,' because 'text messaging is a form of communication used primarily between telephones.'" *Id.*

1

The court in *Howard* also recognized that this plain text reading was supported by "the statute's declared purpose 'to protect' 'privacy rights.'" *Id.* The "particular type of intrusion on privacy at which the statute is aimed … [is] a species of privacy interest in the sense of seclusion," "such as where [an] unsolicited advertising message disturbs the recipient's privacy." *Id.* "Given how text messaging typically works," the court explained, that type of privacy is violated by an automated text message because it operates as "an immediate intrusion in the form of a display of a preview of the text on the phone's screen (even if locked), a sound, a vibration, or some combination of those." *Id.* (contrasting the arrival of a text as "unlike, for example, an arriving email"). The "critical fact," that "an auto-dialed text message to a phone number thus frequently entails an immediate intrusion on privacy comparable to that associated with the ring of an incoming auto-dialed phone call," reinforced the court's holding that a text message is a "call" within the meaning of the TCPA. *Id.*

The Ninth Circuit's decision in *Howard* reaffirmed what it had previously held in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Before the Supreme Court changed course on *Chevron* deference, numerous courts had followed the Ninth Circuit's holding in *Satterfield*. *See* ECF 30 at 8–9 (collecting cases). As *Howard* makes clear, *Satterfield*'s plaint-text interpretation of the statute was correct, regardless of the applicability of any deference doctrines.

Mr. Richards respectfully requests that the Court consider this submission as further authority supporting his opposition.

Dated: February 26, 2026                                          Respectfully submitted,

/s/ Matthew Wessler
Matthew W.H. Wessler[*]
Jessica Garland[*]
**GUPTA WESSLER LLP**
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*matt@guptawessler.com*

Anthony Paronich (SBN 088733)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
*anthony@paronichlaw.com*

*Counsel for Plaintiff*

---

[*]admitted pro hac vice

**CERTIFICATE OF SERVICE**

      I, Matthew Wessler, certify that on February 26, 2026, I filed Warren Richards' Notice of Supplemental Authority with the Clerk of the Court using its CM/ECF system, which will automatically send electronic notification of this filing to all attorneys of record in this action.

                                                /s/ Matthew Wessler
                                                Matthew Wessler